## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VIRGINIA P. SHOGREN,<br><br>                    Appellant,<br><br>    v.<br><br>WASHINGTON STATE BAR ASSOCIATION; WASHINGTON STATE BAR ASSOCIATION DISCIPLINARY BOARD; WASHINGTON STATE BAR ASSOCIATION OFFICE OF DISCIPLINARY COUNSEL,<br><br>                    Respondents. | No. 60736-1-II<br><br><br><br>PUBLISHED OPINION |

VELJACIC, C.J. — Virginia P. Shogren appeals the dismissal of her petition for review regarding the denial of her request for a jury trial in disciplinary proceedings before the Washington State Bar Association (WSBA) Disciplinary Board. Shogren raises two arguments on appeal. First, Shogren argues that the superior court erred in dismissing her petition for review under the Administrative Procedures Act (APA), chapter 34.05 RCW, for lack of jurisdiction and failure to state a claim under CR 12(b)(1) and (6). Second, Shogren claims that the superior court erred in denying her motion for leave to amend her complaint. Finding no error, we affirm.

FACTS

## I. BACKGROUND

In October 2021, the Washington Election Integrity Coalition United (WEICU), represented by Shogren, filed a petition for a writ of mandamus against then-Governor Jay Inslee at the Washington Supreme Court. WEICU alleged that Governor Inslee failed to uphold the integrity of elections by allowing non-United States citizens to participate, violating Washington resident's right to an "equal and free election[]." Clerk's Papers (CP) at 30.

Our Supreme Court dismissed the petition, concluding that the action was frivolous and sanctioned Shogren in the form of attorney fees. Ruling Dismissing Original Action Against State Officer, *Wash. Election Integrity Coal. United v. Jay Inslee*, No. 100303-0, at 6 (Wash. Jan. 4, 2022).[1]

## II. SHOGREN'S DISCIPLINARY COMPLAINT

In June 2022, the Washington State Office of Attorney General notified the WSBA's Office of Disciplinary Counsel (ODC) of alleged Rules of Professional Conduct (RPC) violations Shogren committed. The WSBA is tasked by the Washington Supreme Court with administering the discipline process and does so through ODC. The discipline process is governed by the Washington RPC and the Rules for Enforcement of Lawyer Conduct (ELCs), as adopted by the

---

[1] Shogren faults the WSBA for citing to pleadings for the WEICU action before the Washington Supreme Court, none of which are in the record. Shogren asks that we strike the portion of WSBA's brief referencing these pleadings under RAP 10.7. We deny her motion. Even though the pleadings and the Supreme Court's order are not central to the issues before us, they pertain to the action that is the basis for the disciplinary complaint and are relevant for the factual context of the case. As such, we take judicial notice of the pleadings and order referenced by the WSBA; they are matters of court record and are publicly available. *See Spokane Rsch. & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005) (courts "may take judicial notice of the record in the case presently before [it] or 'in proceedings engrafted, ancillary, or supplementary to it.'") (quoting *In re Adoption of B.T.*, 150 Wn.2d 409, 415, 78 P.3d 634 (2003)).

Washington Supreme Court.  Neither the ODC hearing officer nor the WSBA impose discipline against a lawyer.  Instead, they make disciplinary recommendations to the Washington Supreme Court, which is responsible for imposing disciplinary sanctions against any lawyer.

In May 2024, the ODC submitted a disciplinary complaint against Shogren to the WSBA Disciplinary Board.  In its complaint, the ODC alleged Shogren violated RPC 3.1 and 8.4(d) by "pursu[ing] a petition for a writ of mandamus that had no basis in law or fact."  CP at 21.  The ODC also alleged that Shogren violated RAP 8.4(j) by neglecting "to pay court-ordered sanctions."  CP at 21.

Shogren moved to dismiss the complaint.  Among other arguments in support of dismissal,[2] Shogren claimed that she was entitled to a jury if the Disciplinary Board moved forward with the proceedings.

The Disciplinary Board chief hearing officer denied Shogren's motion to dismiss the complaint and demand for a jury trial.  In denying Shogren's demand for a jury, the Disciplinary Board chief hearing officer reasoned that "[t]he right to a trial by jury does not attach to disciplinary proceedings under the ELCs."  CP at 57.

Shogren requested interim review of the Disciplinary Board's chief hearing officer's order denying her request for a jury trial.  The chair of the Disciplinary Board subsequently denied Shogren's request for interim review.  The Disciplinary Board again found that Shogren "received full consideration of her motion to dismiss [and] that [the process] complied with [all] applicable rules."  CP at 71.

---

[2] Shogren appeals only the issues surrounding the denial of her request for a jury trial.  Because of this, we need not discuss Shogren's other arguments regarding her motion to dismiss the disciplinary complaint.

III.    SHOGREN'S PETITION FOR REVIEW

Following the denial for interim review of the Disciplinary Board's order, Shogren filed a petition for review pursuant to the APA with the Thurston County Superior Court. In her petition, Shogren claimed that her "constitutional due process rights [were] . . . violated" by the WSBA when it denied her request for a jury trial for the disciplinary proceedings. CP at 13. Because of this, Shogren requested the superior court "vacate the [ODC] Complaint for potential refiling in a Washington Superior Court with proper venue in order to access a six[-]member jury." CP at 14. Shogren also moved for a temporary stay of the proceedings.

The WSBA opposed Shogren's motion for a temporary stay. The WSBA, WSBA Disciplinary Board, and ODC also moved to dismiss the case pursuant to CR 12(b)(1) and (6) on the basis that the superior court lacked jurisdiction to consider Shogren's claim, Shogren failed to state a claim upon which relief could be granted because she received adequate due process, and the WSBA was entitled to absolute immunity.

The superior court granted the WSBA, WSBA Disciplinary Board, and ODC's motion to dismiss with prejudice and denied Shogren's motion for a temporary stay. The superior court explained "that it lack[ed] jurisdiction under the [APA] to address [Shogren's petition] regarding an attorney disciplinary matter brought as an administrative law review." CP at 238. In making its decision, the superior court made clear that it was not addressing whether Shogren was entitled to a jury and whether the WSBA was entitled to immunity.

Shogren moved to amend her complaint pursuant to CR 15(a) to allow for declaratory and injunctive relief. Shogren claimed that an amendment was "appropriate to address the purely procedural question of whether [she was] entitled to a trial by jury to defend against" the disciplinary complaint. CP at 233-34.

4

The superior court subsequently denied Shogren's motion. The superior court observed that Shogren's proposed amended complaint "was not an administrative appeal," and the motion "appeared to be a facial challenge . . . request[ing] relief that essentially address[ed Shogren's] specific attorney disciplinary matter." CP at 300. Because of this, the superior court determined that "such amendment would be futile." CP at 300.

Shogren appeals.

ANALYSIS

We review the dismissal of a claim under CR 12(b)(1) and (b)(6) de novo. *Evergreen Wash. Healthcare Frontier, LLC v. Dep't of Soc. & Health Servs.*, 171 Wn. App. 431, 444, 287 P.3d 40 (2012); *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998).

I.      THE APA DOES NOT APPLY TO THE WSBA

Shogren argues that the WSBA is subject to the APA. The WSBA argues that the APA is inapplicable to judicial entities like the WSBA.[3] In light of the Washington Supreme Court's exclusive authority over lawyer admission, conduct, and discipline, the historical understanding of the WSBA, and the plain language of the APA, we agree with the WSBA.[4]

---

[3] The WSBA argues, in part, that Shogren's petition was properly dismissed because the WSBA was immune to suit and Shogren was not entitled to a jury. Because we affirm on the jurisdictional question, we need not address this alternative basis.

[4] As an initial matter, we use the term "authority," rather than "jurisdiction," where possible to avoid confusion. The United States Supreme Court has recognized that "jurisdiction" is "a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Likewise, our Supreme Court has observed that the "improvident and inconsistent" use of the term "subject matter jurisdiction" has led courts to conflate true jurisdictional questions with issues concerning a court's authority to act in a particular manner. *Marley v. Dep't of Lab. & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). As Division One of this court later summarized, "The subject matter jurisdiction of the superior court originates in the state constitution." *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 207, 258 P.3d 70 (2011).

A.      The Washington Supreme Court's Authority over Lawyer Admission and Discipline

As early as 1918, our Supreme Court recognized that it had exclusive authority over lawyer admission, conduct, and discipline. *In Re Bruen*, 102 Wash. 472, 476-77, 172 P. 1152 (1918). In *Bruen*, the court remarked, "It is true that the judicial power of this court was created by the Constitution, but upon coming into being under the Constitution, this court came into being with inherent powers. Among the inherent powers is the power to admit to practice . . . attorneys at law." *Id.* at 476. And because the court recognized that it was "exclusively vested with the power of admitting attorneys to practice," it was also "exclusively vested with the power of disbarring attorneys from practice." *Id.*

*Bruen*'s holding has been continuously reaffirmed in subsequent decisions. *In re Levy,* 23 Wn.2d 607, 612-13, 161 P.2d 651 (1945); *State ex rel. Laughlin v. Wash. State Bar Ass'n*, 26 Wn.2d 914, 916-18, 176 P.2d 301 (1947); *In re Disciplinary Proceedings Against Ballou*, 48 Wn.2d 539, 543, 295 P.2d 316 (1956); *In re Chi-Dooh Li*, 79 Wn.2d 561, 565-66, 488 P.2d 259 (1971); *State ex rel. Schwab v. Wash. State Bar Ass'n*, 80 Wn.2d 266, 267, 493 P.2d 1237 (1972); *In re Application of Schatz*, 80 Wn.2d 604, 607-08, 497 P.2d 153 (1972).

Consequently, existing precedent makes clear that the authority over lawyer admission, conduct, and discipline rests solely with our Supreme Court.

---

Although CR 12(b) uses the term "jurisdiction" and distinguishes between "subject matter" and "personal" jurisdiction, *see* CR 12(b)(1), (2), the issue here does not require us to address subject matter jurisdiction. Rather, the question is one of authority, and resolving that question disposes of the issue before us. Consistent with that distinction, our Supreme Court has used the term "authority" when discussing disciplinary proceedings. *Hahn v. The Boeing Co.*, 95 Wn.2d 28, 621 P.2d 1263 (1980). We will follow its lead.

B.      History of the WSBA

Prior to the enactment of the State Bar Act of 1933 (SBA), ch. 2.48 RCW, the WSBA "existed as a voluntary professional association." *Graham v. Wash. State Bar Ass'n*, 86 Wn.2d 624, 626-27, 548 P.2d 310 (1976). The "[a]dmission and discipline of attorneys was administered by the Supreme Court or a board of state bar examiners." *Id.* at 627. Because the Supreme Court had the inherent "power to admit . . . [and] disbar [attorneys] from practice," it was understood "that the board of law examiners [was] created [as a] sort of inferior court, inferior only to [the Supreme Court]." *Bruen*, 102 Wash. at 476.

Under the SBA, however, the WSBA is described as "an agency of the state." RCW 2.48.010. Nevertheless, courts have long understood the WSBA as an entity of the judicial branch. For example, in *Schatz*, our Supreme Court observed that "[t]he legislature expressly recognized the primacy of the [Supreme Court] in the area of admissions and disbarment when it made the [WSBA's] powers subject to the approval of the Supreme Court." 80 Wn.2d at 607. And because the WSBA "acts as an arm of the Supreme Court in conducting [these] proceedings," our Supreme Court remarked that the WSBA played "an integral part of the judicial process." *Id.*

In *Schwab*, our Supreme Court reaffirmed this reality. There, the court considered a challenge to the WSBA's authority to suspend attorneys who failed to pay their annual dues. 80 Wn.2d at 268-69. In denying the challenge, the court explained "that [o]nly the Supreme Court has the power to suspend [an attorney] from the practice of law or to take other disciplinary action." *Id.*at 269. The court also acknowledged that relevant statutes and prior decisions made it "evident that [the] court does not share the power of discipline, disbarment, suspension[,] or reinstatement with either the legislature or the [WSBA;] . . . membership in the [WSBA] and authorization to

continue in the practice of law coexist under the aegis of one authority, the Supreme Court." *Id.* at 269.

The court in *Schwab* also refuted the argument that the WSBA was required to "transfer its principal place of business to the seat of government in Olympia." *Id.* at 271.[5] Even in light of the SBA, our Supreme Court held that the WSBA was not required to relocate its office to Olympia. *Id.* The court observed that relevant authority governing the issue was "concerned with the state's executive offices and [was] not applicable to the *judicial branch of the government*." *Id.* at 272 (emphasis added). Moreover, the court went on to explain that the WSBA "should [not] be treated as an integral part of the executive branch merely because the legislature created the integrated bar by means of the State Bar Act." *Id.*

Our Supreme Court has concluded that the WSBA is exempt from other statutes because of its identity as a judicial entity. In *Graham*, the court held that the Washington State Auditor did not have the authority to audit the WSBA because it was not a state agency or department for the purposes of ch. 43.09 RCW.[6] 86 Wn.2d at 633. The court recognized that "the legislature has given the term 'agency' a variety of meanings." *Id.* at 626. Because of this, simply referencing the SBA's classification of the WSBA as an "agency of the state" was not dispositive. *Id.* (internal quotation marks omitted).

In *Beauregard v. Washington State Bar Association*, 197 Wn.2d 67, 73-81, 480 P.3d 410 (2021), our Supreme Court similarly concluded that the WSBA was exempt from the Open Public Meetings Act, ch. 42.30 RCW, because it was not a "public agency." The court reasoned that "the

---

[5] Schwab relied on *State ex rel. Lemon v. Langlie*, 45 Wn.2d 82, 108, 273 P.2d 464 (1954) (holding that "all of the state executive offices" had to be located in Olympia, the capitol of the state) to argue that the WSBA was required to move its principal office to Olympia.

[6] Chapter 43.09 RCW governs the Washington State Auditor.

WSBA existed as a voluntary association prior to the [SBA, so] it was not created 'pursuant to a statute.'" *Id.* at 76. The court also pointed to the fact that the SBA "itself 'expressly recognized the primacy of the court in the area of admissions and disbarment when it made the [WSBA's] powers subject to the approval of the Supreme Court under RCW 2.48.060.'" *Id.* at 77-78 (quoting *Schatz*, 80 Wn.2d at 607).[7]

    C.    The Plain Language of the APA

The APA applies to all agencies, "whether or not [an agency is] . . . specifically excluded from the provisions of all or any part of the [APA]. RCW 34.05.030(5). In other words, the APA has broad application. *See id*. Critically, however, the APA defines "agency" as "any state board, commission, department, institution of higher education, or officer, authorized by law to make rules or to conduct adjudicative proceedings, *except those in the* legislative or *judicial branches*." RCW 34.05.010(2) (emphasis added).

Our Supreme Court has recognized that the APA is inapplicable to the WSBA. *Wilson v. Bd. of Governors*, 90 Wn.2d 649, 657, 585 P.2d 136 (1978). In *Wilson*, a graduate from an unaccredited law school sought admission to practice law in Washington. *Id.* at 650-51. The WSBA denied Wilson's application, and Wilson "filed a petition [with the superior court,] seeking to compel [the WSBA] to allow him to take the bar exam." *Id.* at 652. Wilson's petition relied, in part, on the APA, arguing that "he was entitled to a hearing . . . , and that [the WSBA's] actions were arbitrary and capricious." *Id.* The superior court dismissed Wilson's petition. *Id.*

---

[7] Shogren points to Justice Madsen's dissent in *Beauregard* to support that the WSBA "is not part of the Washington State judiciary." Br. of Appellant at 14. A dissenting opinion is not controlling authority, and there is no case suggesting that our Supreme Court has retreated from the majority's holding in *Beauregard*.

Our Supreme Court affirmed the dismissal of Wilson's petition. *Id.* at 657. The court recognized that "[a]dmission to the bar is a judicial function, and the power to admit attorneys to the bar [rested] exclusively in the Supreme Court." *Id.* The court also recognized that when denying Wilson's application, the WSBA was acting "as an arm of the court in administering the application process." *Id.* Because of this, our Supreme Court stated that, "[b]y its own terms, [the APA was] *expressly inapplicable to any board within the judicial branch*." *Id.* (emphasis added).[8]

D.      Shogren's Petition

Here, Shogren relies heavily on RCW 34.05.030(5) to support her argument that the APA applies to the WSBA. Shogren's reliance on this provision is misplaced. As evidenced by the *plain language* of RCW 34.05.010(2), the APA is *clearly inapplicable to an entity that is a part of the judicial branch*. *Wilson*, 90 Wn.2d at 657.

The legislature cannot by legislative enactment deprive the Supreme Court of exclusive authority over attorney admission, conduct, and discipline. As explained in *Bruen*, our Supreme Court derives its authority on this matter from its inherent powers vested by the Washington Constitution. 102 Wash. at 476-77. Shogren relies on RCW 34.05.030(5) but gives no reasoning why the legislature can override the Supreme Court's exclusive authority on this issue. Moreover, Shogren's reliance on RCW 34.05.030(5) contradicts RCW 34.05.010(2). Both provisions must be read together. When doing so, it is evident that RCW 34.05.030(5) is general because it applies to "all other agencies." In contrast, RCW 34.05.010(2), which defines relevant terms in RCW

---

[8] Shogren attempts to distinguish *Wilson* on factual dissimilarities, such as the fact that the present case "involves the violation of constitutional due process protections in [a proceeding] initiated by the WSBA." Reply Br. at 16 (emphasis omitted). These distinctions are of no legal significance in light of our Supreme Court's holding.

34.05.030(5), is specific because it excludes "any state board, commission, [or] department" from being an "agency" when such entity is "in the . . . judicial branch[]."  RCW 34.05.010(2).

Furthermore, the historical background of the WSBA demonstrates that it is not an "agency" within the meaning of the APA.  *See, e.g.*, *Graham*, 86 Wn.2d at 633.  The WSBA, acting in its role of administering attorney disciplinary proceedings, is an entity that is part of the judicial branch because it is performing a function that is exclusively reserved to the Supreme Court.  *Id.* at 626; *Wilson*, 90 Wn.2d at 657.  We conclude that the WSBA is not an agency under the APA.

Next, relying on *Washington State Bar Association v. Merchants' Rating & Adjusting Co.*, 183 Wash. 611, 49 P.2d 26 (1935), Shogren also argues that the WSBA is collaterally estopped from claiming that it is not an "agency" for the purposes of the APA.  We decline to address this issue for insufficient briefing.  RAP 10.3(a), (c).

Additionally, Shogren takes issue with the superior court making a "180 degree" turn in dismissing her APA petition after it had previously taken up APA jurisdiction.  Br. of Appellant at 32.  Shogren explains that "[i]f the [superior] court lacked jurisdiction from the out-set, it also could only have dismissed the action, and not also ruled on the merits of WSBA's CR 12(b)(6) motion."  Br. of Appellant at 32.  To that end, Shogren appears to argue that the superior court was precluded from dismissing her petition under CR 12(b)(1).  We disagree.

If by "taking up APA jurisdiction" Shogren means that the superior court exercised its authority to hear the disciplinary matter, the record does not support that this occurred.  Instead, the record supports that the superior court dismissed the case because it lacked authority to hear it.  Any mention of CR 12(b)(6) was in the preamble to the court's order and is dicta.  The trial court's order reads:

11

> THIS MATTER came before this Court through a motion to dismiss for lack of subject matter jurisdiction under CR 12(b)(1) and for failure to state a claim upon which relief may be granted under CR 12 (b)(6) brought by Respondents [WSBA]. . . .
>
> Having considered the papers filed in support of and in opposition to this Motion, having heard oral argument from the parties, and being fully advised in the premises, the Court determines that *it lacks jurisdiction* under the [APA] (RCW 34.05) to address this Petition regarding an attorney disciplinary matter brought as an administrative law review.
>
> This motion is GRANTED, with prejudice, as to this jurisdictional issue. The Court has not made a determination as to merits of the underlying claims.

CP at 296-97 (emphasis added). The court then denied the stay. It is apparent that it did so because it was dismissing Shogren's petition for a lack of authority, not because it was ruling on the merits under CR 12(b)(6) for reasons beyond that limited basis. Indeed, nothing in the record supports that the trial court analyzed this case under CR 12(b)(6) for failure to state a claim upon which relief can be granted. Rather the trial court expressed that it did not do so, which comports with the record.

We conclude that the APA is not applicable to the WSBA, and the superior court did not err in dismissing Shogren's petition under CR 12(b)(1) and (6).

II. THE SUPERIOR COURT DID NOT ERR IN DENYING SHOGREN'S MOTION FOR LEAVE TO AMEND

Shogren argues that the superior court erred in her motion for leave to amend her complaint so she could pursue declaratory and injunctive relief. We disagree.

A. Standard of Review

"The decision to grant leave to amend [a complaint] is within the discretion of the [superior] court." *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999). As such, we review the denial of a request for leave to amend a complaint under CR 15(a) for an abuse of discretion. *Compare Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 141-42, 937 P.2d 154 (1997), *with State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n*, 111 Wn. App. 586, 605, 49

P.3d 894 (2002).[9]  "The denial of a motion for leave to amend does not constitute an abuse of discretion if the proposed amendment was futile." *Nw. Animal Rts. Network v. State*, 158 Wn. App. 237, 247, 242 P.3d 891 (2010).  An amendment is futile when it would "not cure . . . justiciability defects." *Id.*

B.      The WSBA, Acting on Behalf of the Supreme Court, Has Exclusive Authority Over Disciplinary Proceedings

Under ELC 2.1, our Supreme Court "has *exclusive* responsibility in the state to administer . . . and to dispose of individual cases of lawyer discipline and disability."  (Emphasis added); RCW 2.24.060.  Our Supreme Court has repeatedly recognized its exclusive authority over disciplinary proceedings.  *See, e.g., Graham*, 86 Wn.2d at 624-33.  To that end, the court has explained that "the Superior Court lacks authority to conduct disciplinary proceedings," except for holding a party in contempt.  *Hahn v. Boeing Co.*, 95 Wn.2d 28, 34, 621 P.2d 1263 (1980).

Here, Shogren sought to amend her complaint pursuant to CR 15(a) to allow for declaratory and injunctive relief.  When denying Shogren's motion, the superior court observed that any amendment would have been futile since Shogren was "request[ing] relief that essentially address[ed her] specific attorney disciplinary matter."  CP at 300.  Because of this, the court properly dismissed the motion since authority over disciplinary matters rests solely with our Supreme Court.  *Hahn*, 95 Wn.2d at 34.  In other words, any amendment would have been futile

---

[9] Shogren claims that we review the denial of her motion for leave to amend her complaint de novo because the denial was "based on the court's determination of the law."  Br. of Appellant at 17. The WSBA argues that we review the denial for an abuse of discretion, "even when an appellant challenges denial of an amendment based on futility."  Br. of Resp't at 12.  In light of Shogren's motion being filed *after* the superior court dismissed her petition under CR 12(b)(1) and (6), this case is more like *Ino Ino, Inc.*, and we therefore review the dismissal of Shogren's petition for an abuse of discretion.  132 Wn.2d at 141-42.  As discussed below, regardless of the standard of review, the superior court did not err.

because it focused on a nonjusticiable issue for the superior court. *Nw. Animal Rts. Network*, 158 Wn. App. at 247.

Shogren argues that an "[a]dministrative code may not properly abrogate the mandatory provisions of the state or federal constitutions or otherwise limit the constitutional authority of the superior courts." Br. of Appellant at 29. But again, our Supreme Court has exclusive authority over these matters, and it is fully capable of addressing the constitutionality of whether disciplinary proceedings must be tried before a jury. Shogren's assertion that either the superior court, or this court, has such authority is wholly without merit.

Therefore, we conclude that the superior court did not abuse its discretion when denying Shogren's motion for leave to amend her complaint.[10]

CONCLUSION

Accordingly, we affirm.

_____<br>Veljacic, C.J.

We concur:

_____
Price, J.

_____
Che, J.

---

[10] Because we conclude that the superior court did not have authority to consider Shogren's petition filed under the APA and that the superior court did not abuse its discretion denying Shogren's motion to amend, we do not address the merits of Shogren's claim that she is entitled to a jury for the disciplinary proceedings before the WSBA.